**Doris DUKE, Plaintiff,**

v.

**CITIBANK, N.A., Defendant.**

**No. 86 Civ. 7296 (LBS).**

United States District Court,
S.D. New York.

July 30, 1987.

Jacob D. Fuchsberg Law Firm, New York City, for plaintiff; Alan L. Fuchsberg, Bonnie Reid Berkow, Betsy C. Manifold, of counsel.

Breed, Abbott & Morgan, New York City, for defendant; Charles F. Gibbs, Alan C. Drewsen, Kevin F. Kostyn, Julia C. Tobey, of counsel.

SAND, District Judge.

In 1917, J.B. Duke, plaintiff's father, established an *inter vivos* trust having a value of two million dollars to provide for the support, maintenance and education of Miss Duke for her life. The relevant remainderman provision of the trust instrument provides that if Miss Duke is not survived by any descendant and does not validly exercise her testamentary power of appointment, in full, the corpus of the trust is given to the next of kin of the settlor, *i.e.*, J.B. Duke. The trust has grown to a value of more than $100 million and generates income of approximately $5 million per year. Upon J.B. Duke's death in 1925, Farmers' Loan and Trust Company became trustee and defendant Citibank is the corporate successor to Farmers.

Ms. Duke and Citibank have had a number of disagreements and this action was initially commenced to assert two causes of action: first, to terminate the trust and, second, for breach of fiduciary duty in re-

fusing to terminate. Defendant moved for summary judgment or, in the alternative, to join necessary parties, *i.e.*, the contingent remaindermen, who are descendants of J.B. Duke. Plaintiff thereupon moved to amend the complaint to add an action for the removal of Citibank as trustee.

Next, the parties stipulated to the dismissal of the first claim (for termination of the trust) without prejudice and to the dismissal of the second claim (for breach of fiduciary duty in refusing to terminate) with prejudice ("except that such dismissal shall not operate as a determination of any of the allegations of fact contained therein.") (Stipulation, June 15, 1987).

By letter to the Court dated June 5, 1987, Alan L. Fuchsberg, Esq., counsel for Miss Duke explained:

"The reason for deciding not to pursue at this time the action to terminate is that we are persuaded that an action to terminate, as opposed to an action for removal, would require joinder of the so-called remaindermen, *viz.* relatives of Miss Duke who are descendants from her father, J.B. Duke. Miss Duke does not wish to involve these relatives in her dispute with Citibank, which she feels is her private affair."

Thus, the issue which remains before the Court is whether plaintiff should be permitted to amend her complaint to add a claim seeking removal of Citibank as trustee.

Motions to amend a complaint are of course freely granted pursuant to the explicit provisions of Rule 15(a) and this Court has often noted that a Rule 15(a) dispute is usually an unsatisfactory vehicle for determining substantive issues. Here, however, defendant presents two objections to the filing of the amended complaint which are as ripe for adjudication as they will ever be.

First, Citibank asserts that the motion to amend to assert a cause of action for the removal of a trustee requires the joinder of all beneficiaries, especially where their interests are opposed to those of plaintiff. (Letter of Alan C. Drewsen, June 15, 1987, pp. 1, 2). Plaintiff responds that Citibank knows that Ms. Duke is reluctant to join

her relatives in this litigation and that it is likely that such joinder would destroy diversity. Further, Ms. Duke disputes the claim that the interests of the beneficiaries are adverse since the only relief sought is removal of the trustee, not a distribution of profits. Therefore, Miss Duke asserts, the issue whether capital gains constitute profits for purposes of this trust, which is the subject of dispute between Ms. Duke and Citibank, and as to which the alleged divergency of interests between the life tenant and remaindermen exists, need not be reached.

Second, defendant urges that this Court abstain because counsel for the trustee has been retained to prepare an account and commence a voluntary accounting proceeding in the New York Surrogate's Court to obtain a judicial discharge for its acts as trustee since 1955. Citibank urges that all of the issues which plaintiff seeks to litigate in the proposed action to remove the trustee can be raised in that specialized tribunal which has particular competence in matters relating to trust administration. Ms. Duke counters with the assertion that "[i]t is illogical to abstain in favor of New York Surrogate's Court when New Jersey law applies here." Reply Memorandum, p. 7.

We are of the opinion that there is considerable force to each of defendant's contentions taken separately and that when both contentions are considered in context, they provide persuasive reasons why this case should not go forward at this time in this Court.

One of the grounds asserted by plaintiff in her proposed amended complaint (¶ s 34–42) for the removal of Citibank as trustee is its refusal to pay over to her as "income, revenues, and profits" a capital gain of over $2,600,000 resulting from the tender offer of Sea-Land Corp. We find unconvincing plaintiff's contention that contingent remaindermen need not be joined because the action seeks not to direct the distribution of these monies, but rather to remove the trustee because, among other things, it has failed to make this distribution. Surely a court of equity may look beyond the mere form of the action and consider the underlying nature of the controversy. Thus, the need to join the contingent remaindermen, a joinder which Miss Duke does not wish and which might in any event destroy diversity, has not been obviated.

Further, there has been no accounting in this trust since December 30, 1955. Citibank, regardless of whether or not it remains as trustee, believes it advisable to obtain judicial discharge for its acts as trustee since 1955. Affidavit of Julia C. Tobey, Esq., Feb. 17, 1987. Hence, Citibank will bring a voluntary judicial accounting in Surrogate's Court pursuant to N.Y.Surr.Ct.Proc.Act Law §§ 2208 and 207 (McKinney 1967 and Supp.1987). Miss Duke will be a party to that accounting and may raise in that proceeding all of the objections she has stated in the proposed amended complaint and seek the relief of removal of the trustee.

All of which raises the question whether, as Judge Friendly put it in *Phillips, Nizer, et al. v. Rosenstiel,* 490 F.2d 509, 516 (2nd Cir.1973):

"... there is particularly strong reason for abstention in cases which, though not within the exceptions for matters of probate and administration or matrimony or custody actions, are on the verge, since like those within the exception, they raise issues in which the states have especially strong interest and a well-developed competence for dealing with them."

We agree that this case does not fall within an exception to this Court's jurisdiction but it is surely "on the verge." The considerations cited by Judge Friendly are not, in our view, negated because the trust is governed by New Jersey law and the surrogate's proceeding will be in New York. The Surrogate's Court is in any event better equipped to process and adjudicate an accounting for over 30 years of trust administration than a federal district court. Since we hold that the failure to join the remaindermen continues to be a defect in the proposed action, we need not determine the abstention question.

We therefore deny plaintiff's motion to add this third claim in the form in which it is proferred. This action is without prejudice to the filing of a new action joining all necessary parties, including, in this posture of the case, the contingent remaindermen assuming diversity would still be present. The Court recommends, but does not require, that any such filing await the completion of the contemplated surrogate's proceeding.

There being no remaining matters before the Court, this case is closed.

SO ORDERED.